2024–1097

_____

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
_____

GOOGLE LLC,
*Plaintiff–Appellee*

v.

SONOS, INC.,
*Defendant–Appellant*
_____

Appeal from the United States District Court for the Northern District of California in nos. 3:20-cv-06754-WHA & 3:21-cv-07559-WHA, Judge William H. Alsup
_____

### RESPONSE OF GOOGLE LLC TO THE MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS
_____

Sean S. Pak
Melissa J. Baily
Iman Lordgooei
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Phone:  (415) 875–6600
E-mail:  seanpak@quinnemanuel.com
           melissabaily@quinnemanuel.com
           imanlordgooei@quinnemanuel.com

Andrew T. Dufresne
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, Wisconsin 53703
Phone:  (608) 663–7492
E-mail:  ADufresne@perkinscoie.com

Dan L. Bagatell
PERKINS COIE LLP
3 Weatherby Road
Hanover, New Hampshire 03755
Phone:  (602) 351–8250
E-mail:  DBagatell@perkinscoie.com

Nathan K. Kelley
PERKINS COIE LLP
700 13th Street, N.W., Suite 800
Washington, D.C. 20005
Phone:  (202) 654–6200
E-mail:  NKelley@perkinscoie.com

Tara L. Kurtis
PERKINS COIE LLP
110 N. Wacker Drive, 34th Floor
Chicago, Illinois 60606
Phone:  (312) 324–8607
E-mail: TKurtis@perkinscoie.com

Counsel for Google LLC                                                   March 1, 2024

CERTIFICATE OF INTEREST

I certify that the information below is complete to the best of my knowledge.

Date: March 1, 2024          Signature:    /s/Dan L. Bagatell

                             Name:         Dan L. Bagatell

| 1. Represented Entity | 2. Real Party in Interest | 3. Parent Corporations and 10% Stockholders |
|---|---|---|
| Google LLC | none | XXVI Holdings Inc.; Alphabet Inc. |

| 4. Other Legal Representatives |  |
|---|---|
| from Quinn Emanuel Urquhart & Sullivan, LLP: | Anne-Raphaelle Aubry<br>Lindsay Cooper<br>Nima Hefazi<br>Jordan R. Jaffe*<br>James D. Judah<br>Marc L. Kaplan<br>Jocelyn Ma<br>Jeffrey W. Nardinelli<br>Lana Robins<br>Brittany V. Ruyak<br>Charles K. Verhoeven*<br>Jason C. Williams*<br><br>*no longer with firm |

| 5. Related Cases |
|---|
| see Notice of Related Case Information (Dkt. 4) |

| 6. Organizational Victims and Bankruptcy Cases |
|---|
| none |

Although Google believes the proposed amicus briefs of the Alliance of U.S. Startups & Inventors for Jobs, American Intellectual Property Law Association, and George Washington University Law School Intellectual Property & Technology Law Clinic will not assist the Court, Google does not oppose the motions for leave to file those briefs.

Because this appeal turns on an unusual set of facts, Google asked to see the proposed amicus briefs before consenting to their filing. Each amicus declined. Now having had the opportunity to review the briefs, Google believes the amici have misapprehended the issues on appeal and argued from mistaken premises as a result. Google did not contend, and the district court did not hold, that ordinary continuation practice can or should result in patents being declared unenforceable for prosecution laches. Instead, Google contended, and the district court held, that the patent claims asserted here were unenforceable because Sonos engaged in lengthy and unjustified delay in claiming the alleged invention—including improper addition of new matter in an attempt to create written-description support when it finally proposed claims covering the critical feature thirteen years into prosecution. Google also contended, and the district court also held, that Google was severely prejudiced because Google independently developed that feature, told Sonos about that feature, and incorporated that feature into commercial products several years before Sonos amended its specification and claims in an attempt to cover it.

Nevertheless, Google appreciates that this Court normally accepts amicus briefs for whatever value they provide (great or small), and that motions panels often prefer to defer complicated merits issues to the merits panel that will ultimately decide the appeal. Google therefore does not oppose the motions for leave to file and will reserve its merits-related arguments for its merits brief.

    Respectfully submitted,

PERKINS COIE LLP

by /s/Dan L. Bagatell

    Dan L. Bagatell
    Nathan K. Kelley
    Andrew T. Dufresne
    Tara L. Kurtis

QUINN EMANUEL URQUHART & SULLIVAN, LLP

by /s/Sean S. Pak

    Sean S. Pak
    Melissa J. Baily
    Iman Lordgooei

Counsel for Google LLC

**CERTIFICATE OF AUTHORITY**

I certify that I have the authority of my co-counsel Sean S. Pak to file this document with his electronic signature.

| | |
|---|---|
| Dated: March 1, 2024 | /s/Dan L. Bagatell |
| | Dan L. Bagatell |

**CERTIFICATE OF COMPLIANCE WITH TYPE–VOLUME LIMITATION**

1. This document complies with the type–volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 293 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). The document has been prepared in a proportionally spaced typeface using Microsoft® Word software and 14-point Times New Roman type.

| | |
|---|---|
| Dated: March 1, 2024 | /s/Dan L. Bagatell |
| | Dan L. Bagatell |