

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

July 7, 2025

E. Joshua Rosenkranz

E  jrosenkranz@orrick.com
D  +1 212 506 5380
F  +1 212 506 5151

*Via CM/ECF*

Hon. Jarrett B. Perlow
Clerk of the Court
United States Court of Appeals for
  the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 200439

      Re:    Google LLC's citation of supplemental authority in *Google LLC v. Sonos, Inc.*, No. 24-1097

Dear Mr. Perlow:

      Google's July 3 letter expounds on one 2010 case already cited in Google's response brief, *Ariad Pharmaceuticals, Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010) (en banc), and cites three cases decided between 4 and 23 years ago that Google now raises for the first time. The Court should disregard Google's letter.

      Google raises a new argument, which appears nowhere in Google's brief, and which Google never raised in this litigation: that zone scenes constitute a genus and overlapping zone scenes are a species of that genus. Letter at 2. It is "improper" to use a 28(j) letter to "present[] new argument." *Hall v. Shinseki*, 717 F.3d 1369, 1373 n.4 (Fed. Cir. 2013). Google also cites additional cases in an attempt to bolster the written-description arguments it did make in its brief, which is "likewise improper." *Id.*

      Regardless, Google's newly cited cases are inapt. Google faults Sonos for citing multiple disclosures in the specification. Sonos cited multiple disclosures in both its opening brief and its reply. *Contra* Letter at 1; *see* Blue Br. 49-58; Grey Br. 14-23. Sonos did so to show that the specification discloses overlapping zone scenes in multiple places and multiple ways, any of which suffices to show possession, without the need to amalgamate the disclosures.

      Google's new genus-species argument does not fit this case. First, overlapping zone scenes are not a species of zone scenes, but rather a consequence of Sonos's invention of creating, saving, and later invoking speaker groups that represent subsets of the whole system. Blue Br. 8-9, 53-55. Second, the "blaze marks" concept applies where a genus is vast and a skilled artisan cannot find their way to the subset eventually claimed without indicative markers.



Hon. Jarrett B. Perlow
July 7, 2025
Page 2


That concept does not apply here, where the purported genus is ways to group speakers and there are only two species of groups (overlapping and not overlapping).  Finally, even if that concept applied, the specification provides far more than blaze marks by explicitly and repeatedly disclosing that speakers can belong to multiple zone scenes.  Blue Br. 49-58; Grey Br. 14-23.

        Respectfully submitted,

        /s/ E. Joshua Rosenkranz
        E. Joshua Rosenkranz
        *Counsel for Appellant Sonos, Inc.*

cc: Counsel of Record (via CM/ECF)